IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. 12-7666 ) |
| v. | ) C O M P L A I N T |
| U.S. XPRESS, INC., | ) |
| Defendant. | ) JURY TRIAL DEMAND ) ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Christopher Burgard, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 11-13, below, Defendant U.S. Xpress, Inc. discharged Burgard during the orientation process and refused to hire him because of his disability, anxiety disorder.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-(f)(1).

4.      At all relevant times, Defendant, U.S. Xpress, Inc. has continuously been a Tennessee corporation doing business in the State of Illinois and the City of Markham, and has continuously had at least 15 employees.

5.      At all relevant times, U.S. Xpress has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, U.S. Xpress has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Christopher Burgard filed a charge with the Commission alleging violations of Title I of the ADA by Defendant U.S. Xpress.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8. On March 9, 2012, EEOC determined that there was reasonable cause to believe that U.S. Xpress violated the ADA.

9. On March 9, 2012, EEOC invited the parties to engage in conciliation.

10. On July 27, 2012, EEOC informed U.S. Xpress that such conciliation efforts as are required by law have occurred and been unsuccessful and that it had determined that further conciliation efforts would be futile or non-productive.

11. Since at least December 2009, Defendant U.S. Xpress has engaged in unlawful employment practices at its Markham, Illinois facility, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. 12112(a). These unlawful employment practices include discharging Christopher Burgard from U.S. Xpress's driver orientation process and refusing to hire him because Burgard takes medication to treat an actual disability, anxiety disorder, or because U.S. Xpress regarded him as being disabled.

12. Burgard has an impairment, anxiety disorder, which substantially limits one or more major life activities, including but not limited to brain functioning, and constitutes a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

13. U.S. Xpress regarded Burgard as having a disability as defined by the ADA, 42 U.S.C. § 12102(1)(C), 3(A), in that it discharged Burgard from the orientation process and refused to hire him because of his impairment, anxiety disorder.

14. Burgard was qualified and could perform all of the essential functions of a driver position at U.S. Xpress.

15. The effect of the practices complained of in paragraphs 11-13 above has been to deprive Burgard of equal employment opportunities and otherwise adversely affect his status as an employee because of disability.

16. The unlawful employment practices complained of in paragraphs 11-13 above were intentional.

17. The unlawful employment practices complained of in paragraphs 11-13 above were done with malice or with reckless indifference to the federally protected rights of Christopher Burgard.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining U.S. Xpress, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of disability.

B. Order U.S. Xpress to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order U.S. Xpress to make whole Christopher Burgard by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order U.S. Xpress to make whole Christopher Burgard by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-13 above, in amounts to be determined at trial.

E. Order U.S. Xpress to make whole Christopher Burgard by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 11-13 above, including, but not limited to, emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

  F.  Order U.S. Xpress to pay Christopher Burgard punitive damages for its malicious and reckless conduct, as described in paragraphs 11-13 above, in amounts to be determined at trial.

  G.  Grant such further relief as the Court deems necessary and proper in the public interest.

  H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

September 25, 2012         Respectfully submitted,

                   P. DAVID. LOPEZ
                   General Counsel

                   JAMES L. LEE
                   Deputy General Counsel

                   GWENDOLYN YOUNG REAMS
                   Associate General Counsel

                   U.S. Equal Employment Opportunity
                    Commission
                   131 M. Street, N.E.
                   Washington, D.C. 20507

                   /s/ John C. Hendrickson
                   John C. Hendrickson
                   Regional Attorney

                   /s/ Diane I. Smason
                   Diane I. Smason
                   Supervisory Trial Attorney

                   /s/ Ann Henry
                   Ann Henry

.

                                        Trial Attorney
                                        Ann Henry
                                        ARDC # 6272394
                                        U.S. Equal Employment Opportunity
                                                 Commission
                                        Chicago District Office
                                        500 West Madison Street, Suite 2000
                                        Chicago, Illinois 60661
                                        (312) 869-8098
                                        ann.henry@eeoc.gov